a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

GARRETT EASTER #50585-510,              CIVIL DOCKET NO. 1:26-CV-00095
Petitioner                                                     SEC P

VERSUS                                       JUDGE TERRY A. DOUGHTY

WARDEN U S P POLLOCK,         MAGISTRATE JUDGE PEREZ-MONTES
Respondent

---

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Garrett Easter ("Easter"). Easter is imprisoned at the United States Penitentiary in Pollock, Louisiana. He challenges the computation of his sentence by the Bureau of Prisons ("BOP").

Because Easter did not exhaust administrative remedies and is not entitled to habeas relief, the Petition should be DISMISSED WITHOUT PREJUDICE.

I.     Background

Easter is serving a 52-month sentence imposed in the United States District Court for the Western District of Texas. ECF No. 1 at 3. Easter alleges that the BOP has miscalculated his sentence by failing to provide him with credit under the First Step Act of 2018 (Public Law 115–391).

II.     Law and Analysis

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th

1

Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of administrative remedies is a prerequisite to § 2241 relief). The BOP has a four-step process for resolving prisoners' complaints. *See* 28 C.F.R. § 542.10-542.79. Proper exhaustion generally requires completion of all levels of review, including appeals to the Regional Director and General Counsel.

"Exceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Williams v. Willis*, 765 F. App'x 83, 83-84 (5th Cir. 2019) (citations omitted); *see also Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). A petitioner has the burden of demonstrating that an exception to the exhaustion requirement applies. *See id*.

Easter does not allege that he completed the BOP's administrative remedy process. Instead, he asserts that exhaustion would be futile because "the likelihood of receiving the required relief is very minimal." ECF No. 1 at 4. However, the fact that a petitioner believes that his grievances will be denied does not make the remedy futile. *See Quamey v. Warden, FCI Yazoo City II*, 3:25-CV-429, 2026 WL 684820, at *2 (S.D. Miss. Feb. 17, 2026), *recommendation adopted*, 2026 WL 679175 (S.D. Miss. Mar. 10, 2026); *Wy v. Berkebile,* 3:08CV1894-G, 2008 WL 5262711, at *3 (N.D. Tex. Dec. 17, 2008) ("Even if the BOP is likely to deny relief, it does not make exhaustion futile.").

III.    Conclusion

Because Easter failed to exhaust administrative remedies, IT IS RECOMMENDED that the Petition be DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).   A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.   A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error.

SIGNED on Monday, June 1, 2026.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

3